## UNAUTHORIZED CHANGES IN TAX DUPLICATE.

Circuit Court of Cuyahoga County.

H. M. BROOKS ET AL V. M. A. LANDER, TREASURER OF CUYAHOGA COUNTY, ET AL.*

Decided, March 28, 1905.

*Taxation—County Auditor May Restore Deductions Made in the Tax Duplicate—By a Board Acting Under an Unconstitutional Law—Fundamental Errors—De Facto Officers—Identity of Powers.*

The decision of the Supreme Court which ousted the board of equalization and assessment in the city of Cleveland, authorized the county auditor to thenceforth treat as clerical errors the changes which had been made in the tax duplicate pursuant to the order of said board and to correct them in accordance with the current duplicate.

*W. W. Boynton* and *Smith & Taft*, for plaintiffs.
*C. W. Stage* and *Z. T. Armstrong*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This cause is here on appeal, having been commenced in the Cuyahoga common pleas court to enjoin the collection of certain taxes. After the board of equalization and assessment in the city of Cleveland was held, in *State, ex rel,* v. *Molyneaux,* 58 O. S., 736, and *Gaylord* v. *Hubbard,* 56 O. S., 25, to have been acting under an unconstitutional law, the county auditor expunged from the duplicate certain deductions from the taxable values of real estate made pursuant to the orders of said board. The persons affected now seek to have those deductions restored.

If the deductions, which the auditor thus corrected or expunged, can be regarded as mistakes, in the sense of being erroneous and void, they were in our opinion such mistakes as under Section 1038, Revised Statutes, as construed in *State, ex rel,* v. *Raine,* 47 O. S., 448, he was entitled so to correct. It is, however, contended by the plaintiff that those deductions were not erroneous, but valid, as having been regularly made by *de*

* Affirmed, without opinion, 74 Ohio State, 428.

*facto* officers in the exercise of powers which they were presumed to possess under color of then unchallenged law. It is pointed out that this court has refused to undo the acts of that board so far as their operation and effect are concerned prior to the decision in *State, ex rel, v. Molyneaux, supra.* And the present case proceeds upon the theory that a like rule may be invoked with respect to the prospective operation of the same acts.

No case has been cited to us, and we know of none which thus applies the doctrine of *de facto* officers to the prospective operation of acts performed by incumbents of merely *de facto* offices. It is claimed, however, that this was not merely a *de facto* office, but that it falls rather within the principle of *Kirker* v. *Cincinnati,* 48 O. S., 507. That was a case where one board was supplanted by another having the same powers. The decision turned on this identity of powers. In the case at bar the board was attempted to be clothed with powers substantially different from those conferred by the general statute. It was expressly so held in *Gaylord* v. *Hubbard, supra.*

It is claimed, however, that the powers here exercised were not those which differentiated this act from the general statute, but were in fact those authorized by general law. This claim does not, in our opinion, serve to bring this or any other action of this board within the rule of *Kirker* v. *Cincinnati, supra.* The fact remains that this board can not be so identified with any pre-existing board as to validate the prospective operation of its acts. Whatever vitalizing power the law which created the board may have given it with respect to the operation of its acts within its lifetime, it is certain that such power ceased when the board was ousted. Thenceforward it was void so far, at least, as any prospective effects thereof are concerned.

In the unreported case of the *State of Ohio, ex rel Anna M. Marshall et al,* v. *A. E. Akins, etc.,* decided May 12, 1899, this court did indeed determine that taxes paid without protest on additions made by this board while its status was yet unchallenged could not be recovered back, and that it was not a mere clerical error for the auditor to omit to declare this statute unconstitutional and void and to disregard the orders of the board under it. The error was a fundamental one and not to be reached by man-

damus against the auditor. With that decision we are still content. But we now hold that the decision of the Supreme Court, ousting the board, authorized the auditor thenceforward to treat as clerical errors the changes which had been made in the tax duplicate pursuant to the board's orders, and to correct them accordingly in the current duplicate. The petition is therefore dismissed.